**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VALFONSO DEWITT, | * | |
| | * | |
| | * | Criminal Action No. 21-cr-0308-PX |
| v. | * | Civil Action No. 26-cv-2185-PX |
| | * | |
| UNITED STATES OF AMERICA. | * | |
| | * | |
| | * | |
| | *** | |

**MEMORANDUM ORDER**

Pending is Valfonso Dewitt's motion brought pursuant to 28 U.S.C. § 2255. ECF No. 212. Dewitt, who is currently serving a 121-month prison term, argues that his trial counsel was ineffective for failing to raise a Speedy Trial Act error and for not challenging Dewitt's supposed warrantless arrest. ECF Nos. 212, 216. For the following reasons, the motion is DENIED.

To be eligible for relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a). The movant bears the burden of proving his entitlement to relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation . . . ." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

A petitioner establishes ineffective assistance of counsel where he demonstrates that counsel's performance fell below an objective reasonableness standard and that the petitioner suffered actual prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's performance fell "within the wide range of reasonable

professional assistance." *Id.* at 689. Accordingly, courts remain "highly deferential" to counsel's choices when scrutinizing performance. *Id. See also United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021). Relevant here, when no prejudice results from counsel's claimed errors, the Court need not reach whether the attorney's performance was deficient. *Strickland*, 466 U.S. at 697. A petitioner establishes prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Dewitt first contends that his trial counsel's performance fell below reasonably objective standards because counsel did not challenge Dewitt's "warrantless arrest." ECF No. 212 at 4. Dewitt asserts, without support, that his arrest in Georgia had been without a warrant, and because of this, "there was no subject matter jurisdiction" to prosecute him. ECF No. 212 at 5. Dewitt further suggests that his attorney should have moved to dismiss the Indictment. *Id.* But regardless of where Dewitt had been arrested, the Government obtained a valid Indictment. ECF No. 1. Dewitt advances no cognizable legal theory on which the Indictment must be dismissed as the remedy for his supposed warrantless arrest.

That said, a warrant for arrest *did* exist, and the record reflects that Dewitt had been arrested pursuant to that warrant. *See United States v. Valfonso Dewitt*, 21-mj-263, ECF No. 5 (Arrest Warrant executed on June 17, 2021, in Columbus, Georgia and docketed in *United States v. Valfonzo Dewitt*, 4:21-mj-00043-MSH-1). Dewitt raises no genuine issue as to the existence of the warrant or that his arrest had been pursuant to the warrant. Thus, his attorney could not have provided ineffective assistance for failing to challenge the warrant's non-existence. The § 2255 motion on this ground is denied.

Dewitt next contends that trial counsel was constitutionally ineffective for failing to raise a Speedy Trial Act violation based on the Government's failure to indict him within 30 days after

his arrest on a criminal complaint. ECF No. 212 at 5. 18 U.S.C. § 3161(b) requires the Government to indict a defendant within 30 days of his arrest. Dewitt was arrested on June 17, 2021, and Indicted on August 5, 2021. ECF No. 1. And while certain days are arguably excluded from the thirty-day clock, even if trial counsel had challenged the Government's delay, it would not have made a difference because the Indictment most certainly would have been dismissed without prejudice.

When deciding whether to dismiss a case with or without prejudice for a Speedy Trial Act violation, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). *See also United States v. Thomas,* 305 F. App'x 960, 963 (4th Cir. 2009) (citing 18 U.S.C. § 3162(a)(2)). The Government charged Dewitt with particularly serious drug offenses. Further, the delay to indictment was brief and the impact on the administration of justice relatively minor. *Cf. United States v. Foreman*, Crim. No. JKB-11-0398, 2024 WL 1286174, at *2 (D. Md. Mar. 25, 2024). Accordingly, if the Court had dismissed the Indictment, dismissal would have certainly been without prejudice. And in that event, the Government would be free to re-indict and proceed to trial as it did. Because the error did not affect the outcome of Dewitt's case, he cannot satisfy the prejudice prong of *Strickland.* Thus, the § 2255 motion on this ground, too, must be denied.

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255, the Court must next decide whether the issue is proper for appeal, and if so, issue a certificate of appealability. A certificate of appealability is a "jurisdictional prerequisite" that allows the movant to seek review of this Court's determination. *United States v. Hadden*, 475 F.3d 652, 659

(4th Cir. 2007). Where the movant demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003), the certificate may issue. Dewitt fails to meet this standard. Accordingly, the Court declines to issue a certificate of appealability. Dewitt may seek such a certificate from the United States Court of Appeals for the Fourth Circuit.

Based on the foregoing, it is this 10th day of November 2026, by the United States District Court for the District of Maryland, ORDERED that:

1. Alfonzo Dewitt's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 212), Motion Requesting Judicial Notice (ECF No. 213), and Motion for Summary Judgment (ECF No. 216) are DENIED;
2. A Certificate of Appealability shall not issue;
3. The Clerk is DIRECTED to mail a copy of this Memorandum Order to Dewitt and CLOSE the civil case.

11/10/2026
Date

/s/
Paula Xinis
United States District Judge